JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     jonathan-kaufman@sbcglobal.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJPAL SINGH,<br><br>      Plaintiff,<br><br>vs.<br><br>EMILIO T. GONZALEZ,<br>Director, United States Citizenship and Immigration Services,<br><br>      Defendant.<br>_____/ | Case No.  07-4346 MMC<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

**I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Notice is hereby given that on October 12, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Maxine M. Chesney, United States District Judge, located at 450 Golden Gate Avenue, Courtroom 7, plaintiff will move the Court for a preliminary injunction requiring defendant to either issue travel authorization documents to plaintiff's wife and children that will permit them to follow to join plaintiff to the United States for asylum, or comply with 8 C.F.R. §208.21(e) and forward written notice to plaintiff explaining why travel documents are denied.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument

as the Court may hear on the matter.

## II. FACTS

Plaintiff is a citizen of India who was granted asylum in the United States by defendant on September 25, 2002. *See*, Complaint, Exhibit A.

8 U.S.C. §1158(b)(3)(A) vests the Secretary of Homeland Security with discretion to accord derivative asylum to an asylee's spouse and children who are following to join an asylee to the United States. To accord derivative asylum an asylee must file an asylee relative petition on a Form I-730 with the United States Citizenship and Immigration Services (USCIS) in accordance with the provisions of 8 C.F.R. §208.21(d).

When a petition is approved it is forwarded to an American Embassy abroad and the beneficiary is contacted by the USCIS with instructions to appear for issuance of a travel document to follow to join the asylee in the United States. *Id*.

If a travel document is denied, 8 C.F.R. §208.21(e) requires the USCIS to forward an asylee written notice stating the basis for denial.

On August 12, 2004 the director of the USCIS Nebraska Service Center approved the asylee relative petitions plaintiff filed on behalf of his wife, Narinder Kaur, and his children, Ravinder Singh, Kirandeep Kaur, and Manpreet Singh, according them derivative asylum under 8 U.S.C. §1158(b)(3)(A). *See*, Complaint, Exhibit B

Plaintiff's wife and children have applied for travel documents and have been interviewed by an immigration officer at the USCIS office in New Delhi, India. *See*, Complaint, Exhibit C. As of this date, plaintiff's wife and children have not been issued travel documents. While 8 C.F.R. §208.21(e) requires the USCIS to forward plaintiff a written notice explaining the basis for denial of the travel documents, the USCIS has failed to provide that notice to plaintiff. Plaintiff's wife and children remain in India, separated from plaintiff, denied the travel documents that will permit the to seek admission to the United States for asylum and reunification with plaintiff.

Plaintiff has brought this action to compel the USCIS to take action on his petition. He asserts

that the USCIS has unlawfully discharged its duties under the Immigration and Nationality Act (INA). Plaintiff seeks to enjoin the USCIS to either issue travel documents to his wife and children or comply with 8 C.F.R. §208.21(e) and forward him written notice explaining why travel documents are denied.

### III. STATUTORY AUTHORITY

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiff's complaint. 28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

### IV. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS's alleged unlawful activity. Plaintiff has exhausted his administrative remedies.

### V. ASYLUM

In enacting the Refugee Act of 1980, Pub.L. 96-212, 94 Stat. 102 (3/17/80), Congress amended the INA to provide uniform procedures for the admission of refugees and their immediate families members to the United States. 8 U.S.C. §1158; *INS v Cardoza-Fonseca*, 767 F.2d 1448 (9th Cir. 1985), aff'd 480 U.S. 421.

8 U.S.C. §1158(b)(1)(A) vests the Secretary of Homeland Security with discretion to grant an alien asylum in the United States. To be eligible an alien must meet the definition of a "refugee", as defined in 8 U.S.C.§ 1101(a)(42)(A). A refugee is an alien unwilling or unable to return to his country due to persecution or a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*.

8 U.S.C.§1158(b)(3)(A) directs that the spouse and children of an alien granted asylum, if otherwise ineligible for asylum, may be granted derivative asylum if following to join the alien in the United States.

To accord derivative asylum to a family member residing outside of the United States, an

1  asylee is required to file an asylee relative petition on a Form I-730 with the USCIS. 8 C.F.R.
2  §208.21(d).

## VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiff's claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiff's case.

Plaintiff's claim is clear and certain and the USCIS's duty to adjudicate his petitions so plainly prescribed as to be free from doubt. Plaintiff is an asylee entitled to petition the USCIS to permit his wife and children to join him in the United States. Plaintiff has petitioned the USCIS and his petitions have been approved. Upon the approval of plaintiff's petitions the USCIS accorded plaintiff's wife and children derivative asylum in the United States. *See*, Complaint, Exhibit B. Plaintiff and his wife and children share the legal right to reside together in the United States.

The USCIS is required to take action on plaintiff's approved petitions. It must either issue travel documents to plaintiff's wife and children or serve plaintiff with written notice explaining why travel documents are denied. There is absolutely no statute or regulation which permits the USCIS to hold plaintiff's petitions in abeyance indefinitely.

While plaintiff concedes that no statute or regulation establishes an exact period of time in which the USCIS must act to either issue a travel document or a written denial, time parameters do exist. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiff's petition within "a reasonable time". Congressional intent to compel agency action wrongfully withheld is manifested in the provisions of 5 U.S.C. §706(1) which vest the Court with authority to compel agency action unlawfully withheld or unreasonably delayed.

Plaintiff's petitions were approved more than three years ago. Plaintiff has filed a Complaint because the USCIS has neither issued a travel document to plaintiff's wife and children nor served

4

plaintiff with written notice explaining why travel documents have been denied. Plaintiff has no remedy other than mandamus relief available.

Separation of plaintiff from his wife and children under these circumstances is inhumane. It conflicts with clear Congressional intent to promote family unity of asylee families in the United States. In enacting 8 U.S.C. §1158(b)(3)(A) Congress evidenced its intent to preserve and protect the integrity of a refugee's immediate family unit. Thus, the USCIS's delay is excessive, unreasonable and unlawful.

The USCIS has had ample opportunity to conduct whatever investigation it deemed appropriate. The time for investigation has ended. It is respectfully submitted that the USCIS should now be enjoined to act.

**VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF**

In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction are whether the moving party has demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir. 1984).

Plaintiff's probability of success is substantial. When the USCIS granted plaintiff asylum it informed him that a benefit of his status included the right to petition the USCIS to have his wife and children join him in the United States. Plaintiff petitioned the USCIS in the manner prescribed by regulation. His petitions were approved on August 12, 2004. His wife and children were interviewed on November 17, 2004. Since that time the USCIS has neither issued travel documents to plaintiff's wife and children nor sent plaintiff written notice explaining why documents have been denied. The violation of its statutory duty is manifest.

Furthermore, the probability that plaintiff will sustain irreparable injury if the USCIS is not enjoined to act is substantial.

Plaintiff has experienced persecution in India. It has resulted in a grant of asylum in the

5

1  United States. Plainly, the hardship plaintiff has endured, in being forced to flee his country, and in being separated from his family, is substantial.

Clearly, serious questions of law are raised by plaintiff's complaint. The USCIS's inaction undermines a fundamental tenet of our immigration laws. "The importance and centrality of the family in American life is firmly established both in our traditions and in our jurisprudence." *Cerrillo-Perez v INS*, 809 F.2d 1419, 1423 (9th Cir. 1987).

Finally, the balance of hardships unquestionably tips in plaintiff's favor. The USCIS suffers no hardship in discharging its legal duty. In contrast, the emotional hardship and duress plaintiff has experienced in having to be separated from his wife and children is substantial. Plaintiff has been granted asylum because of persecution in India. While the USCIS drags its administrative feet plaintiff's wife and children suffer the uncertainty of political turmoil abroad.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to issue travel documents to plaintiff's wife and children or forward written notice to plaintiff explaining why travel documents have been denied.

Dated: August 28, 2007

                                                                 Respectfully submitted,

                                                                  _____
                                                                  JONATHAN M. KAUFMAN
                                                                  Attorney for Plaintiff